UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SHANTERA WILLIAMS, an Individual

      Plaintiff,

v.

CITY OF MIAMI, a political subdivision of the
State of Florida,

      Defendant

## **COMPLAINT**

### **Introduction**

Plaintiff, SHANTERA WILLIAMS, ("Williams") sues Defendant, CITY OF MIAMI ("the City" or "Miami") for disability and sex discrimination and retaliation in its employment practices, which deprived Williams of employment opportunities, subjected her to disparate treatment, and ultimately terminated her employment in June 2018. Furthermore, Williams sues the City for violation of the Interference and Retaliation provision of the Family Medical Leave Act (FMLA) as she was prevented from taking medical leave.

### **Jurisdiction and Parties**

1. This is an action for damages. Williams brings this lawsuit for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act (ADA) of 1990 and its Amendments of 2008, 42 U.S.C. §12101 *et seq.*;

the Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.* (FCRA), and the Florida Common Law.

2.   Plaintiff is a natural person, *sui juris*, who is a resident of the State of Florida and resides in Miami-Dade County, Florida.

3.   Defendant, CITY OF MIAMI, is a municipality incorporated in the State of Florida.

4.   At all times material hereto, Williams was an "*aggrieved person*" as defined by the FCRA, Fla. Stat. § 760.02 (10).

5.   The City employed more than 15 employees and was Williams's employer within the meaning of FCRA, Fla. Stat. § 760.02(7); ADA, 42 U.S.C. §12111 (5)(A); and the Civil Rights Act of 1964, 42 U.S.C §2000e (b).

6.   At all times during her employment relationship with Defendant, Williams was Defendant's "employee" as defined by FCRA, Fla. Stat. § 760.02 et seq., and the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e (f).

7.   This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C.§1332, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a) and 29 U.S.C. §216 (b). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by Title VII, 42 U.S.C. §1983 and the FCRA.

8.   Venue is proper under 28 U.S.C. § 1391(b) because all of the discriminatory acts complained of by Williams occurred within this judicial district and because the City is located within this judicial district.

9.   All conditions precedent have been satisfied, waived or excused before the filing of the instant lawsuit.

**General Allegations**

10. Plaintiff, SHANTERA WILLIAMS, is a female who was employed by the Defendant, the CITY OF MIAMI, as an emergency dispatcher for almost 13 years.

11. On February 9, 2018, Williams suffered an injury while at work, resulting in limited function and pain in her legs.

12. Williams' job as an emergency dispatcher required her to type with both hands while using a foot pedal to speak to the police officers.

13. As the use of the foot pedal caused her pain, Williams requested light duty pursuant to her doctor's orders, and was placed by the City in the open position of an emergency assistant.

14. The open emergency assistant position did not require the use of the foot pedal.

15. After only two days in the position, Williams was inexplicably sent home and told not to attend work until or unless she could return to her dispatcher position.

16. When she again explained that she could not perform the functions of the job without severe pain, she was instructed to operate the foot pedal with her hand and type with the other hand.

17. Williams expressed that such a use of the equipment would not be efficient or effective in emergency situations, and would hinder her performance, perhaps even further endangering police personnel.

18. Another employee who was male and had a disability had been reassigned by the City from the dispatcher position to the assistant position as an accommodation, however the City refused to make the same or similar accommodation for Williams.

19. Williams therefore complained to the City about the lack of accommodation, and the disparity with the treatment of the male employee.

20. Following her complaint, Williams was informed by the City that if she did not use the equipment in the improper manner as advised, she would be relieved of duty.

21. The City did in fact relieve Williams of duty and required her to report to internal affairs for her alleged disobedience.

22. On April 26, 2018, Williams submitted to a mandatory "fit for duty" examination by the City's doctor.

23. Due to the fact that Williams was still experiencing pain that prohibited her from properly performing her dispatcher duties the City's doctor declared her not "fit for duty" so that she would be accommodated in her job assignment.

24. Instead, on June 15, 2018, after receiving the doctor's evaluation, the City terminated Williams' employment due to her complaints and her medical condition.

25. The termination by the City was discriminatory and retaliatory due to Williams' disability, her gender, her requests for accommodation, and her complaints regarding the disparate treatment and lack of accommodation.

26. As a result of the discrimination and retaliation of the City, Williams suffered severe emotional and financial damage.

### Count I - Disability
*(Pursuant to the American with Disabilities Act of 1990 and its Amendments (ADA))*

27. Plaintiff incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

28. In February 2018, Williams suffered an injury that caused her to have limited function and chronic pain in her legs.

29. Williams' injury constituted a disability that substantially limited her life activities, such as her ability to work.

30. Williams' doctor requested a disability accommodation on her behalf in the form of light duty and relief from using the foot pedal that was causing her pain.

31. The City's doctor again reiterated that Williams was unable to perform her duties without an accommodation.

32. Instead of accommodating Williams, the City terminated Williams' employment.

33. The City's refusal to make a reasonable accommodation for Williams' disability was a violation of her rights under the ADA.

34. The City acted with malice and with reckless indifference to Williams' protected rights.

35. As a result of the City's actions, Williams was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant, CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits, back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and punitive damages pursuant to the Americans with Disabilities Act, 29 U.S.C. §1201 *et seq*.; and enter an award and judgment for attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

**Count II - Disability**

*(Employment Discrimination Based on Disability Pursuant to the Fla. Civ. Rights Act of 1992*
*Fla. Stat. § 760.01, et seq. (FCRA))*

36. Plaintiff incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

37. In February 2018, Williams suffered an injury that caused her to have limited function and chronic pain in her legs.

38. Williams' injury constituted a disability that substantially limited her life activities, such as her ability to work.

39. Williams' doctor requested a disability accommodation on her behalf in the form of light duty and relief from using the foot pedal that was causing her pain.

40. The City's doctor again reiterated that Williams was unable to perform her duties without an accommodation.

41. Instead of accommodating Williams, the City terminated Williams' employment.

42. The City's refusal to make a reasonable accommodation for Williams' disability was a violation of her rights under the FCRA.

43. The City acted with malice and with reckless indifference to Williams' protected rights.

44. As a result of the City's actions, Williams was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant, CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits, back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and punitive damages pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*. Enter an

award and judgment for attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

## Count III – Sex Discrimination
*(In Violation of Title VII of the Civil Rights Act of 1964)*

45. Plaintiff incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

46. The City refused Williams' request to be transferred to an open position that did not exacerbate her injury.

47. The City, however, transferred a male employee who made the same request to the same position.

48. Instead of transferring Williams, she was suspended and ultimately terminated.

49. The City's refusal to transfer Williams was based on her sex, female.

50. The City's treatment of Williams was unlawful discrimination in violation of 42 U.S.C. 2000e-2.

51. As a direct and proximate result of the foregoing, Williams suffered and continues to suffer severe emotional and financial damages.

52. As a result of the City's actions, Williams was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant, CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits, back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and punitive damages pursuant to Title VII of the Civil Rights Act of 1964; and enter an award and

judgment for attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

### Count IV – Sex Discrimination
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

53. Plaintiff incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

54. The City refused Williams' request to be transferred to an open position that did not exacerbate her injury.

55. The City, however, transferred a male employee who made the same request to the same position.

56. Instead of transferring Williams, she was suspended and ultimately terminated.

57. The City's refusal to transfer Williams was based on her sex, female.

58. The City's treatment of Williams was unlawful discrimination in violation of Fla. Stat. § 760.01 et seq.

59. As a direct and proximate result of the foregoing, Williams suffered and continues to suffer severe emotional and financial damages.

60. As a result of the City's actions, Williams was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant, CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits, back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and punitive damages pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*; and enter

an award and judgment for attorneys' fees and costs, and all other further relief that this Court

deems necessary and proper.

## Count V – Retaliation
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

61. Plaintiff incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

62. Williams engaged in statutorily protected activity as she complained to the City about the

unfair treatment, she received regarding accommodating her disability.

63. Williams suffered an adverse employment action when she was harassed, suspended and

terminated for voicing her complaints.

64. Williams was terminated by the City due to her complaints about the unfair treatment due

to her disability and gender.

65.   The City's treatment of Williams was unlawful retaliation in violation of Fla. Stat. §

760.10.

66.   As a direct and proximate result of the City's intentional violations, Williams has suffered

damages.

67.    As a result of the City's actions, Williams was forced to retain the undersigned counsel

to file this action.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant,

CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described

of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits,

back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and

punitive damages pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*; and enter

an award and judgment for attorneys' fees and costs, and all other further relief that this Court

deems necessary and proper.

## Count VI – Retaliation
*(In Violation of Title VII of the Civil Rights Act of 1964)*

68. Plaintiff incorporates and realleges paragraphs 1 through 26 as fully set forth herein.

69. Williams engaged in statutorily protected activity as she complained to the City about the

unfair treatment she received regarding accommodating her disability.

70. Williams suffered an adverse employment action when she was harassed, suspended and

terminated for voicing her complaints.

71. Williams was terminated by the City due to her complaints about the unfair treatment due

to her disability and gender.

72. The City's treatment of Williams was unlawful retaliation in violation of Title VII of the

Civil Rights Act.

73. Williams' termination was motivated by an intent to retaliate against Williams for her

protected activity.

74. The City willfully violated Title VII or acted with reckless disregard for whether their actions

were prohibited.

75. As a direct and proximate result of the City's intentional violations, Williams has suffered

damages.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant,

CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described

of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits, back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and punitive damages pursuant to Title VII of the Civil Rights Act of 1964; and enter an award and judgment for attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

## Count VII- Perceived Disability
*(Pursuant to the American with Disabilities Act of 1990 and its Amendments (ADA))*
(In the Alternative)

76.   Plaintiff incorporates and realleges paragraphs 1 through 26 as though fully set forth herein.

77.   In February 2018, Williams suffered an injury which caused her pain when performing her work duties.

78.    The City regarded Williams as having a physical impairment that substantiality limited her ability to work.

79.   Due to the City's perception of Williams' disability, the City terminated Williams' employment.

80.   The City's termination of Williams due to her perceived disability was discriminatory in violation of the ADA.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant, CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits, back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and

punitive damages pursuant to the Americans with Disabilities Act, 29 U.S.C. §1201 *et seq*.; and

enter an award and judgment for attorneys' fees and costs, and all other further relief that this

Court deems necessary and proper.

### Count VIII- Perceived Disability

*(Employment Discrimination Based on Perceived Disability Pursuant to the Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq. (FCRA))*
*(In the Alternative)*

81. Plaintiff incorporates and realleges paragraphs 1 through 26 as though fully set forth herein.

82. In February 2018, Williams suffered an injury which caused her pain when performing her work duties.

83. The City regarded Williams as having a physical impairment that substantiality limited her ability to work.

84. Due to the City's perception of Williams' disability, the City terminated Williams' employment.

85. The City's termination of Williams due to her perceived disability was discriminatory in violation of the ADA.

WHEREFORE, Plaintiff, SHANTERA WILLIAMS, demands judgment against Defendant, CITY OF MIAMI, to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate actual damages including lost wages, loss of fringe benefits, back pay, front pay, compensatory and liquidated damages, mental anguish, loss of dignity and punitive damages pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*; and enter

an award and judgment for attorneys' fees and costs, and all other further relief that this Court

deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Shantera Williams hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted,

The Harris Law Firm Group, P.A.
201 South Biscayne Blvd., Suite 2650
Miami, Florida 33131
Tel.:   305.536.6131
Fax.:   305.536.6130

By:   **/s/Robert N. Harris**
Robert Newton Harris, Esq.
Fla. Bar. No.: 87671
robert@harrislawinfo.com